**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Joshua Berkowitz,

      Relator,                                Case No.  1:14cv543

      v.                                    Judge Michael R. Barrett

Brahma Investment Group, Inc.,

      Respondent.

**<u>OPINION & ORDER</u>**

This matter is before the Court upon Relator Joshua Berkowitz's Motion to Remand. (Doc. 8). Respondent Brahma Investment Group, Inc. has filed a Response (Doc. 11) and Relator filed a Reply (Doc. 13). The Court permitted Respondent to file a Sur-reply (Doc. 16) and a Supplemental Memorandum (Doc. 21). In addition, on August 20, 2014, the Court held oral argument on Relator's Motion.

Relator is law director for the City of Norwood, Ohio. Relator filed a Verified Petition pursuant to Ohio Revised Code § 3767.02, *et seq.* in the Hamilton County Court of Common Pleas. Relator seeks to have the property partially owned by Respondent declared a public nuisance. Respondent removed the state court action to this Court based on diversity under 28 U.S.C. § 1332(a). (Doc. 1). Relator argues that removal is not proper because this Court lacks subject matter jurisdiction, and even if this Court does have jurisdiction, it should abstain from exercising that jurisdiction.

Relator's claim is based on the following statutory provision:

Whenever a nuisance exists, the attorney general; the village solicitor, city director of law, or other similar chief legal officer of the municipal corporation in which the nuisance exists; the prosecuting attorney of the

> county in which the nuisance exists; the law director of a township that has adopted a limited home rule government under Chapter 504 of the Revised Code; or any person who is a citizen of the county in which the nuisance exists may bring an action in equity in the name of the state, upon the relation of the attorney general; the village solicitor, city director of law, or other similar chief legal officer of the municipal corporation; the prosecuting attorney; the township law director; or the person, to abate the nuisance and to perpetually enjoin the person maintaining the nuisance from further maintaining it.

Ohio Rev. Code § 3767.03.

Relator argues that an action brought under this provision is quasi-criminal and therefore cannot be removed to federal court.  Relator relies on this Court's decision in *State of Ohio ex rel. Ney v. PJC, Inc.*, 592 F. Supp. 28 (S.D. Ohio 1984).  The relator in that case also brought an action pursuant to Ohio Revised Code § 3767, which was removed to this Court.  The basis for removal was federal question jurisdiction.  The defendants also brought a claim under 42 U.S.C. § 1983.  This Court found that the civil nuisance action was not properly removable under 28 U.S.C. § 1443 because it does not deal with a right "arising under a federal law 'providing for specific civil rights stated in terms of racial equality.'"  *Id.* at 30 (citing *Johnson v. Mississippi*, 421 U.S. 213, 219, (1975)).  As to the civil rights action, this Court explained:

> we note that the civil rights action filed under 42 U.S.C. § 1983 by defendants herein, presents jurisdictional questions on the propriety of possible injunctive relief in this Court which, if granted, would necessarily disrupt judicial proceedings in state court.  We are of the opinion that these issues remain viable notwithstanding the remand of both the criminal prosecution and the civil abatement of a nuisance action.  It is well-established that 42 U.S.C. § 1983 is a proper avenue for seeking injunctive relief against state judicial proceedings in extraordinary circumstances.  *Mitchum v. Foster*, 407 U.S. 225, 243, 92 S.Ct. 2151, 2162, 32 L.Ed.2d 705 (1972); *Cf. Huffman v. Pursue, Ltd.*, 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975).  As a strategic matter, the defendants herein have attempted to establish federal jurisdiction under the § 1983 avenue as well as the § 1443 removal avenue.  We see no merit in the contention that a ruling of an absence of jurisdiction under a

> narrowly interpreted removal statute precludes consideration of jurisdictional issues, spawned by *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) and its progeny, incident to the § 1983 claim, particularly where, as here, no court has passed on the latter issues in ruling on the removal issue.  Therefore, we expressly reserve decision on the issues concerning the availability of injunctive relief in the related civil rights action pending in this Court.

*Id.* at 30.  This Court reads the holding of *Ney* as being limited to the procedural posture of that case.  In *Ney*, the removal was based on federal question jurisdiction and the civil nuisance action was accompanied by a civil rights action under Section 1983.  In contrast, Respondent based removal on diversity and has not brought a claim under 42 U.S.C. § 1983.

Next, Relator argues that he brings this action in the name of the state of Ohio, which is not a citizen for diversity purposes.  A state or its alter ego is not a citizen for diversity jurisdiction purposes.  *Moor v. County of Alameda*, 411 U.S. 693, 717–18 (1973).  However, "[w]hen a state is named as a party, federal courts must determine the real-party-in-interest, rather than simply relying on the names of the parties, to determine if there is diversity jurisdiction."  *Ohio v. GMAC Mortgage, LLC*, 760 F. Supp. 2d 741, 744 (N.D. Ohio 2011) (citing *People of State of California ex rel. McColgan v. Bruce*, 129 F.2d 421, 423 (9th Cir.1942)).  Some of the factors which federal courts have employed in this analysis are whether: "(1) state law requires that the action be brought in the name of the state; (2) the action will be a benefit or a detriment to the state treasury; (3) the state department bringing the suit is performing a governmental or proprietary function; (4) the state department is separately incorporated; (5) the state department has autonomy, and to what extent, over its operations; (6) the state department has the power to sue and be sued and to enter into contracts; (7) the state

department is immune from state taxation; (8) the state has immunized itself from responsibility for the department's operations; and (9) the relief sought will inure to the state alone, or the judgment will effectively operate in favor of the state." *Id*.

After weighing these factors, this Court concludes that the State of Ohio is not the real-party-in-interest in this action. There is no dispute that the City of Norwood, which the law director represents, is separately incorporated and has autonomy from the State of Ohio. There is also no dispute that the City of Norwood has the power to sue and be sued, and to enter into contracts.

While Ohio Revised Code § 3767.03 provides that an action in equity may be brought in the name of the state, the action does not result in a benefit or detriment to the state treasury. The statute provides that "[i]f the existence of the nuisance is established upon the trial of the civil action, a judgment shall be entered that perpetually enjoins the defendant and any other person from further maintaining the nuisance at the place complained of and the defendant from maintaining the nuisance elsewhere." Ohio Rev. Code § 3767.05 (D). While proceeds from the sale of personal property or contents seized are to be deposited into the state treasury when an action under Ohio Revised Code § 3767.03 is commenced by the attorney general, Ohio Rev. Code § 3767.06 (C), when the action is commenced by a city director of law, these proceeds are to be applied to the costs incurred and any remaining proceeds are to be deposited in the city treasury. Ohio Rev. Code § 3767.06 (D).

Moreover, the relief sought will not inure to the state alone. Relator seeks a declaration that the property owned by Respondent constitutes a public nuisance, the issuance of a permanent injunction, and the imposition of a tax of three hundred dollars

on Respondent.  This requested relief would benefit the public in general.  Therefore, Ohio is not the real party in interest.  Accordingly, diversity of citizenship exists and this Court has subject matter jurisdiction over this action.[1]

Finally, Relator argues that under *Huffman v. Pursue, Ltd.*, 420 U.S. 592 (1975), this Court should abstain from exercising jurisdiction under the principles of *Younger v. Harris*, 401 U.S. 37 (1971).

In *Huffman*, officials instituted a public nuisance proceeding under Ohio Revised Code section 3767 in state court.  Instead of appealing within the state system, the owner filed suit in federal court under 42 U.S.C. §1983, alleging that appellants' use of the nuisance statute constituted a deprivation of constitutional rights under the color of state law, and seeking injunctive and declaratory relief.  The Supreme Court held that the principles of *Younger* were applicable, and the district court should not have entertained the action unless one of the exceptions recognized in *Younger* existed. However, this case is distinguishable from *Huffman*.  There are no ongoing proceedings in the state court.  Instead, Respondent removed the state court proceeding to this Court.  Therefore, the concerns expressed in *Huffman* and *Younger* are not present in this case.  Accordingly, the Court will not abstain from exercising jurisdiction on this basis.

---

[1]The Sixth Circuit has explained that "the 'costs of complying with an injunction ... may establish the amount-in-controversy.'"  *Cleveland Hous. Renewal Project v. Deutsche Bank Trust Co.*, 621 F.3d 554, 560 (6th Cir. 2010) (quoting *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 829 (6th Cir. 2006)).  Relator has not argued that the costs of complying with the requested injunction would be less than $75,000.

Based on the foregoing, Relator Joshua Berkowitz's Motion to Remand (Doc. 8) is **DENIED**.

**IT IS SO ORDERED.**

                    */s/ Michael R. Barrett*
                    JUDGE MICHAEL R. BARRETT