UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Joshua Berkowitz, *et al.*,

    Plaintiffs,

v.

Brahma Investment Group, Inc, *et al.*,

    Defendants.

Case No. 1:15cv543

Judge Michael R. Barrett

## OPINION & ORDER

This matter is before the Court upon Third Party Defendant Shinhan Bank's Motion to Dismiss for Failure to State a Claim. (Doc. 86). Third Party Plaintiffs Brahma Investment Group, Inc. and California Pacific Hospitality, LLC field a Response in Opposition. (Doc. 89).

Third Party Defendant, Shinhan Bank America ("Shinhan"), pursuant to Federal Rule of Civil Procedure 12(b)(6) moves this Court to Dismiss the claims of Third-Party Plaintiffs, Brahma Investment Group, Inc. ("Brahma") and California Pacific Hospitality, LLC ("CalPac"), against Shinhan because they fail to state a claim upon which relief can be granted.

In reviewing a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true and draw all reasonable inferences in favor of the plaintiff." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (quoting *Directv, Inc. v Treesh*, 487 F.3d 471, 476 (6th Cir.

2007)). However, legal conclusions conveyed as factual allegations do not be accepted as true, rather the reviewing court is allowed to draw on its own judicial experience and common sense in determining whether or not the pleader can obtain any relief based on the purported facts. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-950 (2009).

By way of background, this matter began with a Verified Petition filed by Relator Joshua Berkowitz pursuant to Ohio Revised Code § 3767.02, *et seq.* in the Hamilton County Court of Common Pleas. Berkowitz sought to have the former Quality Inn Hotel at 4747 Montgomery Road, Norwood, Ohio (the "Property") declared a public nuisance. Shinhan was formerly the first mortgage holder on the Property. Third Party Plaintiffs Brahma and CalPac are the borrowers.

Shinhan explains that the Property was sold free and clear via a receiver's sale in Hamilton County Court of Common Pleas Case No. A1503341 on December 9, 2015. However, the sale resulted in a deficiency balance owed to Shinhan by Brahma and CalPac. Shinhan is currently pursuing its monetary claims against Brahma and CalPac through an action against the individual guarantors in a California court.

Shinhan argues that Brahma and CalPac have not alleged that Shinhan has any knowledge of, or played any role in, the alleged discrimination or equal protection allegations set forth in the Counterclaims. Shinhan explains that while Brahma and CalPac may intend to satisfy all or part of their obligations to Shinhan with funds they hope to recover from other parties in this action, this does not state a claim against Shinhan. The Court finds this argument well-taken.

Accordingly, Third Party Defendant Shinhan Bank's Motion to Dismiss for Failure to State a Claim (Doc. 86) is **GRANTED**.

**IT IS SO ORDERED.**

                                                  */s/ Michael R. Barrett*
                                            JUDGE MICHAEL R. BARRETT