**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Joshua Berkowitz,                                            Case No.  1:14cv543

    Plaintiff,                                                       Judge Michael R. Barrett

    -vs-

Brahma Investment Group, Inc., *et al.*,

    Defendants.

**OPINION & ORDER**

This matter is before the Court on the Motion for Judgment on the Pleadings of Counterclaim Defendant, City of Norwood, and Counterclaim/Third Party Defendant, Thomas Williams (Doc. 88) and the Supplemental Memorandum to the Motion (Doc. 91).  Counterclaimants, Brahma Investment Group, Inc. ("Brahma") and California Pacific Hospitality, LLC ("CalPac"), filed a Response in Opposition (Doc. 92) and Norwood and Williams filed a Reply (Doc. 94).  Also before the Court is Norwood and Williams' Motion for Protective Order.  (Doc. 101).

**I.    BACKGROUND**

This case arises out of a Verified Petition filed by Relator, as law director for the City of Norwood, pursuant to Ohio Revised Code § 3767.02, *et seq.*  Relator sought to have property ("the Property") owned by Defendants-Counterclaimants Brahma Investment Group, Inc. ("Brahma") and California Pacific Hospitality, LLC ("CalPac") declared a public nuisance ("the Nuisance Action").  Relator claimed that the Property,

which was being operated at a Quality Inn hotel, constituted a public nuisance due to the illegal drug activity and prostitution which was occurring on the Property. The Hamilton County Court of Common Pleas entered an *ex parte* Temporary Restraining Order on June 2, 2014 and closed the Property. Thereafter, the Nuisance Action was removed to this Court.

Brahma and CalPac filed an Answer to Verified Petition, Counterclaims and Third Party Complaints. (Doc. 74). Brahma and CalPac's counterclaims and third party claims are (1) discrimination in violation of 42 U.S.C. §§ 1981 and 1985; (2) violation of 42 U.S.C. § 1983; (3) violation of due process based on the failure to name CalPac in the Nuisance Action; (4) and conversion. Brahma and CalPac's counterclaims and third party claims are brought against City of Norwood, Ohio ("Norwood") and Thomas F. Williams ("Williams"), Norwood's Mayor.[1]

In their Motion for Judgment on the Pleadings, Norwood and Williams move to dismiss the claims against them. Norwood and Williams argue that (1) Berkowitz alone had the legal authority to commence and prosecute actions to abate nuisances in Norwood and did not do so under the direction of Williams; (2) Williams cannot be liable under Section 1983 based on a theory of *respondeat superior*; (3) Brahma and CalPac fail to state a claim for discrimination, equal protection, conspiracy, or a violation of due process; (4) Williams is entitled to qualified immunity; (5) and Williams is immune from

---

[1] There is quite a bit of discussion between the parties as to whether the counterclaims are brought against the former law director, Berkowitz, or his successor, Keith D. Moore. As currently plead, the counterclaims are not brought against Berkowitz or Moore. However, it appears that Brahma and CalPac are bringing a claim against the law director in his official capacity. Therefore, the claim is equivalent to the claim brought against Norwood as the governmental entity.

liability under Ohio Revised Code § 2744.03(A)(2) from Brahma and CalPac's state law claims .

## II. ANALYSIS

### A. Standard of Review

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is subject to the same standard of review as a Rule 12(b)(6) motion. *Penny/Ohlmann/Nieman, Inc. v. Miami Valley Pension Corp.*, 399 F.3d 692, 697 (6th Cir. 2005). "The factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, *i.e.*, more than merely possible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 677, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)).

"If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d).  Brahma and CalPac point out that in support of their Motion for Judgment on the Pleadings, Norwood and Williams refer to pleadings and a transcript from the Nuisance Action, as well as a related case in the Hamilton County, Ohio Probate Court.  However, "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint" may be taken into account without converting a Rule 12(c) motion to a Rule 56 motion. *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008) (quoting *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001).  To the extent that there are any documents

3

relied upon by Norwood and Williams which are not matters of public record, the Court excludes those documents.

Brahma and CalPac request leave to amend their Counterclaims in the event that the Court determines that any of their claims are insufficiently specific. (Doc. 92, PAGEID #1332). Leave to amend a complaint should be freely given when justice so requires after a responsive pleading has been filed. Fed.R.Civ.P. 15(a). However, Brahma and CalPac have not made a formal request and do not specify what additional allegations they would add to their claims. Similarly, Brahma and CalPac, explain that no discovery has taken place in this case. (Doc. 92, PAGEID #1322). However, "[b]are allegations or vague assertions of the need for discovery are not enough." *Summers v. Leis*, 368 F.3d 881, 887 (6th Cir. 2004) (citing *United States v. Cantrell*, 92 F.Supp.2d 704, 717 (S.D.Ohio 2000)).

### B. **42 U.S.C. §§ 1981 and 1983**

Section 1983 imposes liability on any "person who, under color of any statute, ordinance, regulation, custom or usage, of any State" subjects another to "the deprivation of any rights, privileges, or immunities secured by the Constitution or laws." 42 U.S.C. § 1983. A Section 1983 plaintiff must establish "(1) that there was the deprivation of a right secured by the Constitution and (2) that the deprivation was caused by a person acting under color of state law." *Wittstock v. Mark A. Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003). Section 1981 protects the equal right of "[a]ll persons within the jurisdiction of the United States" to "make and enforce contracts" without respect to race. 42 U.S.C. § 1981(a). The term "make and enforce contracts" is defined to include "the making, performance, modification, and termination of contracts,

4

and the enjoyment of all benefits, privileges, terms and conditions of the contractual relationship." 42 U.S.C. § 1981(b).

Brahma and CalPac's claims under these statutes center on the *ex parte* Temporary Restraining Order entered by the Hamilton County Court of Common Pleas which closed the Property. Brahman and CalPac allege that "[t]he actions of Norwood and Williams and their agents were motivated by a discriminatory animus and intent toward Counterclaimants based on the race, ethnicity, national origin, ancestry and/or religion of their principals." (Doc. 74, ¶ 47). Brahman and CalPac further allege that "Norwood and Williams and their agents engaged in selective enforcement of the Ohio nuisance statute against Counterclaimants and conspired to do so as a pretext for discrimination against Counterclaimants because of the race, ethnicity, national origin, ancestry and/or religion of Counterclaimants' principals." (Doc. 74, ¶ 52).

Relator's request for the injunction was based on the following statutory provision:

> Whenever a nuisance exists, the attorney general; the village solicitor, city director of law, or other similar chief legal officer of the municipal corporation in which the nuisance exists; the prosecuting attorney of the county in which the nuisance exists; the law director of a township that has adopted a limited home rule government under Chapter 504 of the Revised Code; or any person who is a citizen of the county in which the nuisance exists may bring an action in equity in the name of the state, upon the relation of the attorney general; the village solicitor, city director of law, or other similar chief legal officer of the municipal corporation; the prosecuting attorney; the township law director; or the person, to abate the nuisance and to perpetually enjoin the person maintaining the nuisance from further maintaining it.

Ohio Rev. Code § 3767.03. Relator brought the action as law director for Norwood, but in the name of the State of Ohio.

5

The Court concludes that based on the following passage from an analogous case, Norwood cannot be held liable for the actions of Berkowitz:

> To the extent that plaintiff's claim against the City derives from an allegation of wrongdoing on the part of [the city prosecutor], it is barred under *Monell v. Department of Social Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978). A municipality is not liable under 42 U.S.C. § 1983 for its employees' acts on a *respondeat superior* theory. Additionally, as stated, [the city prosecutor] was acting on behalf of the state when she prosecuted state criminal charges and therefore her actions in prosecuting the charge, at that point, could not be attributed to the City. Municipal liability arises under section 1983 for unconstitutional policies or customs. *Id.* Plaintiff failed to allege any unconstitutional City policy or custom in her complaint.

*Pusey v. City of Youngstown*, 11 F.3d 652, 659 (6th Cir. 1993). The court went on to explain: "In appropriate circumstances, a single act may rise to the level of policy or custom. With regard to policy, a single act can constitute municipal policy 'where the decisionmaker possesses final authority to establish municipal policy with respect to the action ordered.'" *Id.* (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481, 106 S.Ct. 1292, 1299, 89 L.Ed.2d 452 (1986)).

Here, Brahma and CalPac's claims against Norwood are based on the alleged wrongdoing of Berkowitz. These claims are barred under *Monell* because a municipality, such as Norwood, cannot be liable for its employee acts on a *respondeat superior* theory. Moreover, Berkowitz was acting on behalf of the State of Ohio in bringing the Nuisance Action pursuant to Ohio Revised Code § 3767.03, and his actions cannot be attributable to Norwood. *Accord Cady v. Arenac Cty.*, 574 F.3d 334, 345 (6th Cir. 2009) (when the county prosecutor made the decisions related to the issuance of state criminal charges against the plaintiff, and the prosecution of the plaintiff, he was acting as an agent of the state rather than of the county). Because Brahma and CalPac

have not alleged any unconstitutional policy or custom on the part of Norwood, Norwood is not subject to liability under 42 U.S.C. § 1983.

It appears that Brahma and CalPac also attempt to base liability on William's supervision of Berkowitz. The Court notes that Ohio Revised Code § 733.34 provides that "[t]he mayor shall supervise the conduct of all the officers of the municipal corporation, inquire into and examine the grounds of all reasonable complaints against any of such officers, and cause their violations or neglect of duty to be promptly punished or reported to the proper authority for correction." However, to sustain a failure-to-supervise claim, the plaintiff "must show that the city acted with 'deliberate indifference' to the risk of [the constitutional violation] and that its deliberate indifference was the 'moving force' behind the assault." *Amerson v. Waterford Twp.*, 562 F. App'x 484, 492 (6th Cir. 2014) (quoting *Mize v. Tedford*, 375 Fed.Appx. 497, 500 (6th Cir. 2010)). Deliberate indifference in this context "typically requires proof that the municipality was aware of prior unconstitutional actions by its employees and failed to take corrective measures." *Id*. at 490 (quoting *Miller v. Calhoun Cnty.*, 408 F.3d 803, 815 (6th Cir. 2005)). Brahma and CalPac have not alleged any facts which would support a finding of deliberate indifference.

Therefore, the Court concludes that Norwood cannot be held liable under Section 1983 based on the alleged wrongdoing of Berkowitz, or Williams failure to supervise Berkowitz in bringing the Nuisance Action. Brahma and CalPac's claims under 42 U.S.C. § 1981 fail for the same reasons. *See Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 735-36, 109 S.Ct. 2702, 105 L.Ed.2d 598 (1989) ("Thus to prevail on his claim for damages against the [defendant], petitioner must show that the violation of his 'right to

7

make contracts' protected by § 1981 was caused by a custom or policy"). Therefore, Brahma and CalPac have failed to state a claim under 42 U.S.C. §§ 1981 and 1983.

### C. 42 U.S.C. § 1985

Brahma and CalPac allege that "Norwood and/or Williams communicated with a private developer or developers concerning the possibility of making the site occupied by the Property available for private development if it could be unlawfully and maliciously wrested from Counterclaimants' control." (Doc. 74, ¶ 18). Brahma and CalPac claim that the Nuisance Action was brought for that purpose: "Norwood and Williams and their agents engaged in selective enforcement of the Ohio nuisance statute against Counterclaimants and conspired to do so as a pretext for discrimination against Counterclaimants because of the race, ethnicity, national origin, ancestry and/or religion of Counterclaimants' principals." (Doc. 74, ¶ 52).

In order to establish a violation of Section 1985, a plaintiff must show that "1) the defendants conspired 'for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws'; and 2) the defendants committed acts that deprived the claimant 'of having and exercising any right or privilege of a citizen of the United States.'" *Bartell v. Lohiser*, 215 F.3d 550, 559 (6th Cir. 2000) (quoting 42 U.S.C. § 1985(3)).

Generally, an entity cannot conspire with its own agents or employees. *Jackson v. City of Columbus*, 194 F.3d 737, 753 (6th Cir. 1999), *overruled on other grounds by Swierkiewcz v. Sorema, N.A.*, 534 U.S. 606 (2002). This rule, known as the "intracorporate conspiracy doctrine," has been applied to governmental bodies. *Hull v.*

*Cuyahoga Valley Joint Vocational Sch. Dist. Bd. of Educ.*, 926 F.2d 505, 509-510 (6th Cir. 1991) (applying doctrine where conspiracy was alleged between school superintendent, executive director of the district, and a school administrator). There is an exception to the intracorporate conspiracy doctrine where employees of the corporate entity act outside the scope of their employment in participating in the conspiracy. *Johnson v. Hills & Dales Gen. Hosp.*, 40 F.3d 837, 841 (6th Cir. 1994). However, the failure to allege that employees acted outside scope of employment is fatal to invocation of the exception to the intracorporate conspiracy doctrine. 194 F.3d at 753. Brahma and CalPac have not set forth sufficient facts to plausibly show that Williams was engaged in personal, private pursuits, rather than in pursuits within the scope of his employment as mayor. Therefore, Brahma and CalPac have failed to state a claim under 42 U.S.C. § 1985.

   D. **Conversion**

Brahma and CalPac allege that "[t]he actions of Norwood and Williams and their agents complained of herein constitute a conversion of Counterclaimants' interests in the Property, inasmuch as Norwood and Williams used the processes of state law in the Nuisance Action for an improper and illegal purpose, in order to deprive Counterclaimants and their principals of the Property." (Doc. 74, ¶ 71). Brahma and CalPac further allege that "[t]he actions of Norwood and Williams and their agents were intentional, malicious, willful, wanton, and without legal justification." (Doc. 74, ¶ 72).

Ohio Revised Code § 2744.03(A)(6) grants an individual employee of a political subdivision immunity from tort liability unless " . . . (b) The employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner." Wanton

9

misconduct has been defined as "the failure to exercise any care toward those to whom a duty of care is owed in circumstances in which there is great probability that harm will result." *Anderson v. City of Massillon*, 134 Ohio St.3d 380, 983 N.E.2d 266, 267 (2012). "Reckless conduct is characterized by the conscious disregard of or indifference to a known or obvious risk of harm to another that is unreasonable under the circumstances and is substantially greater than negligent conduct." *Id.*  Even though Brahma and CalPac state that the actions of Williams were wanton, their factual allegations do not amount to wanton or reckless behavior.  Therefore, Williams is entitled to immunity against the state law claim of conversion.

A political subdivision is also immune from civil suit unless a statutory exception under Ohio Revised Code § 2744.02(B) applies.  However, Brahma and CalPac make no argument that a statutory exception applies to Norwood. Therefore, Brahma and CalPac have failed to state a claim for conversion against Norwood.

### III. CONCLUSION

Based on the foregoing, it is hereby **ORDERED** that:

1. Motion for Judgment on the Pleadings of Counterclaim Defendant, City of Norwood, and Counterclaim/Third Party Defendant, Thomas Williams. (Doc. 88) is **GRANTED**;

2. Counterclaim Defendant, City of Norwood, and Counterclaim/Third Party Defendant, Thomas Williams' Motion for Protective Order (Doc. 101) is **DENIED as MOOT**.

**IT IS SO ORDERED**.

                                         */s/ Michael R. Barrett*
                                         Michael R. Barrett, Judge
                                         United States District Court